**Leslie BURLEIGH, et al., Plaintiffs**

**v.**

**HOMETOWN CREDIT, LLC, Defendant**

**CIVIL ACTION NO. 3:17CV381TSL–RHW**

United States District Court, S.D. Mississippi, Northern Division.

Signed 07/18/2017

Richard R. Grindstaff, Bryce C. Kunz, Byram, MS, for Plaintiffs.

ORDER

Tom S. Lee, UNITED STATES
DISTRICT JUDGE

This cause is before the court on the motion of defendant Hometown Credit, LLC (Hometown), pursuant to 28 U.S.C. § 157(d), to withdraw the reference from the bankruptcy court of this adversary proceeding and for relief from the automatic stay to the extent necessary to defend this action. Plaintiffs Leslie Burleigh and Lacey Burleigh have responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties along with the record, concludes that the motion should be denied at this time.

On January 20, 2017, Leslie Burleigh filed a voluntary petition under Chapter 13 of Title 11 of the United States Code; Lacey Burleigh filed as a joint debtor. In mid–2016, both of the debtors had taken out loans from Hometown, executing promissory notes and security agreements in favor of Hometown in which they pledged various items of personal property as collateral. Soon after filing their bankruptcy petition, the debtors moved to avoid Hometown's lien. Hometown responded and objected to the confirmation, claiming the debtors' Chapter 13 failed to schedule their indebtedness to Hometown. According to Hometown, as of January 20, 2017, Lacey owed $879.14, plus accruing interest, late fees, attorney's fees and other expenses, while Leslie owed $2,950.83, plus accruing interest, late fees, attorney's fees and other expenses. On March 20, 2017, the bankruptcy court entered an agreed order by which Hometown's lien was avoided as to some of the collateral but retained as to other items of pledged collateral, which were deemed abandoned. The order provided that Hometown would file a proof of claim for any deficiency balance that might exist after liquidation of the collateral.

Thereafter, on March 24, 2017, the debtors filed this adversary proceeding against Hometown, asserting state law claims for breach of contract, breach of the duty of good faith and fair dealing, fraudulent misrepresentation based on allegations that Hometown retained a portion of fees it contracted and represented were to be paid to certain third parties and thereby unlawfully increased the amount of plaintiffs' principal indebtedness and the interest and fees on their respective loans. In addition to their state law claims, plaintiffs alleged federal claims against Hometown for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1600 et seq., for inaccurate TILA disclosures. They also alleged that Hometown violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691 et seq. by charging Lacey a higher interest rate based on her African–American race. In its answer, Hometown demanded a jury trial on all claims.

On May 19, Hometown filed the present motion pursuant to 28 U.S.C. § 157(b) to withdraw the reference of this case to the bankruptcy court, taking the position that withdrawal is mandatory or, alternative, that permissive withdrawal is warranted. The court is not persuaded that withdrawal of the reference is mandatory, or that permissive withdrawal is called for at this time.

District courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. §§ 1334(a), (b). Wellness Int'l Network, Ltd. v. Sharif, —— U.S. ——, 135 S.Ct. 1932, 1939, 191 L.Ed. 2d 911 (2015). However, pursuant to 29 U.S.C. § 157(a),

> Each district court may provide that any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title

11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). Accordingly, this court has adopted a standing order of reference, which provides:

> [A]ny and all cases arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the South-ern District of Mississippi for consider-ation and resolution....

Internal Rule One at 10 (S.D. Miss. Aug. 17, 2015). However, the automatic referral can be withdrawn by this court pursuant to § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding re-quires consideration of both title 11 and other laws of the United States regulat-ing organizations or activities affecting interstate commerce.

Hometown asserts that mandatory with-drawal of reference is warranted, and al-ternatively, that good grounds exist for permissive or discretionary withdrawal.

■ Contrary to Hometown's urging, the requisites for mandatory withdrawal are not present. Courts considering the issue have found that mandatory with-drawal is triggered when: (1) the proceed-ing involves a "substantial and material question of both title 11 and non-Bank-ruptcy Code federal law"; (2) "the non-Bankruptcy Code federal law has more than a *de minimis* effect on interstate commerce"; and (3) "the motion for with-drawal has been timely filed." Jones v. Walter Mortgage Co., No. 3:08cv124, 2009 WL 2999195, at *2 (N.D. Miss. Sept. 16, 2009). There is no issue as to the second and third requirements, which are clearly met. However, this case does not meet the first requirement.

To find that a claim involves 'substantial and material consideration' of non-bank-ruptcy federal law, the court must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law. With-drawal is thus mandatory "when the court must undertake analysis of signifi-cant open and unresolved issues regard-ing the non-title 11 law."

Rodriguez v. Countrywide Home Loans, Inc., 421 B.R. 341, 348 (Bankr. S.D. Tex. 2009). See also In re Queyrouze, No. CIV. A. 14–2715, 2015 WL 5440825, at *2 (E.D. La. Sept. 15, 2015) ("The mandatory with-drawal provision has generally been inter-preted strictly, granting withdrawal of the reference when the claim and defense en-tail material and substantial consideration of non-Bankruptcy Code federal law.") (in-ternal quotation marks and citation omit-ted). Hometown has not purported to iden-tify any specific and substantial question of non-bankruptcy federal law which would require the court to interpret the TILA or ECOA. Rather, plaintiffs' claims appear to involve the mere *application* of these fed-eral laws.

■ Section 157(d) allows for permis-sive withdrawal "for cause shown." 28 U.S.C. § 157(d). The decision to withdraw a reference from bankruptcy court is with-in the court's discretion, In re Mirant Corp., 197 Fed.Appx. 285 (5th Cir. 2006), but the decision "must be based on a sound, articulated foundation." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998 (5th Cir. 1985). The Fifth Circuit has identified factors for a district court to consider in deciding whether to withdraw a reference on permissive grounds, first and foremost of which is whether the matter at issue is a core or a

non-core proceeding. This determination is significant because it defines the extent of the bankruptcy court's authority to grant relief: Bankruptcy judges can "hear and determine" core proceedings and "enter appropriate orders and judgments," i.e., final judgment, but in non-core proceedings, absent consent of all parties to the proceeding, they may not enter final judgments and instead, may only "submit proposed findings of fact and conclusions of law" for the district court's de novo review, Wellness International Network, Ltd. v. Sharif, —— U.S. ——, 135 S.Ct. 1932, 191 L.Ed. 2d 911 (2015).

▮ Whether there is a right to a jury trial is also an important consideration because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent. See Holland, 777 F.2d at 999; see also City Bank v. Compass Bank, No. EP–11–MC–372–KC, 2011 WL 5442092, at *4 (W.D. Tex. Nov. 9, 2011) (citing In re Clay, 35 F.3d 190, 196–97 (5th Cir. 1994)). Thus, "if a party has invoked her Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy, the reference to bankruptcy must be withdrawn." City Bank, 2011 WL 5442092, at *4 (citing In re Clay). Lastly, the court should consider whether withdrawal will promote efficiency, and whether it raises forum shopping concerns. See Holland, 777 F.2d at 998–99.

Hometown argues that the court should withdraw the reference to bankruptcy court because (1) plaintiffs' claims are non-core and it does not consent to a final determination of the claims by the bankruptcy court, and (2) it has a right to a jury trial on the claims and does not consent to a jury trial in the bankruptcy court. It further argues that inasmuch as any issues that were primarily bankruptcy in nature have already been handled by the bankruptcy court, and as the case involves no core claims, then withdrawal of the reference will promote the efficient use of judicial resources.

▮ Plaintiffs, on the other hand, maintain that the claims in this case are all core claims, as defined in 28 U.S.C. § 157(b)(2)(B), (C) and (O), which weighs in favor of retaining the reference. They further argue that it is more efficient at this time to allow the bankruptcy court to handle both the bankruptcy case and the Adversary Proceeding, coordinating hearings for the benefit of the parties and counsel. They suggest that in the event the need for a jury trial arises, the court may enter withdrawal at that time but need not do so at present.

The court, having considered the parties' arguments, declines to withdraw the reference at this time. While the parties' arguments suggest that this proceeding potentially involves core, as well as non-core matters, the court is not required to decide at this time which claims are core or non-core, for, as the court observed in Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh, 516 B.R. 850 (E.D. La. 2014):

"[S]ome of these proceedings could be resolved by the Bankruptcy Court on legal issues or on undisputed facts that, even if non-core, this Court can review de novo.' " In re OCA, 2006 WL 4029578, at *4. Accordingly, "regardless of whether [this] dispute[ ] in isolation could be considered non-core, at this stage of the proceeding, it is premature to find that this factor favors withdrawal of the reference." Id.

Wadleigh, 516 B.R. at 855–56. Cf. Windham v. Mechanics Bank, No. 314CV00087DMBSAA, 2016 WL 129521, at *4 (N.D. Miss. Jan. 12, 2016) (for purposes of deciding motion to refer case to bankruptcy court, court need not rule on the

parties' dispute over whether action is core or non-core as "bankruptcy court is ... not only equipped to handle core and non-core proceedings [but is] specifically tasked with determining whether the claims asserted are core or non-core.").

 Further, the fact that defendant has a right to a jury trial on plaintiffs' claims does not necessarily warrant withdrawal of the reference at this point. Even where a party has invoked its right to a jury trial and does not consent to a jury trial in bankruptcy, "immediate withdrawal is not required—the district court has discretion to allow the bankruptcy court to manage the pretrial proceedings." City Bank, 2011 WL 5442092, at *4. See also In re OCA, Inc., No. 06–3811, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006) (stating that "the existence of a jury demand does not mandate immediate withdrawal of the reference" because "it may better serve judicial economy ... for the bankruptcy court to resolve pre-trial matters."). Further, "a number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time as it is determined that a jury trial must be conducted." Wadleigh, 516 B.R. at 854–55 (collecting cases). As the court observed in Wadleigh,

> Allowing the bankruptcy court to supervise all pretrial and discovery matters will prevent a duplication of effort that would result from maintaining separate but closely related proceedings. Furthermore, this Court would certainly benefit from the bankruptcy court's expertise in developing this matter for trial. Indeed, allowing the bankruptcy court time "to function much like [a] magistrate[ ] to the district court on matters that are merely 'related to' a bankruptcy," or that are otherwise unable to be finally adjudicated by that court, could considerably expedite the litigation. Holland Am., 777 F.2d at 999.

Wadleigh, 516 B.R. at 856. Numerous other cases have taken this approach. See, e.g., S. La. Ethanol v. Agrico Sales, Inc., 2012 WL 174646, at *3 (E.D. La. Jan. 20, 2012) (denying motion to withdraw the reference, stating "[s]hould trial by jury become an issue then the reference can be withdrawn once the case is ready for trial.").

Here, the court is persuaded that allowing the bankruptcy court to supervise pretrial and discovery matters will result in the most an economical use of judicial resources. Accordingly, it is ordered that defendant's motion to withdraw the reference from bankruptcy and seek relief from the automatic stay is denied without prejudice.

SO ORDERED this 18th day of July, 2017.